# NATIONAL FIRE PROOFING COMPANY *v.* CRUTCHLEY.

MASTER AND SERVANT; FELLOW SERVANTS; ASSUMPTION OF RISK; NEGLI-
GENCE.

1. A superintendent in charge of part of the construction work of a build-
   ing, and the foreman of carpenters under him, are fellow servants
   of one of the carpenters. (Following *Collins* v. *John W. Danforth
   Co.* 36 App. D. C. 592.)
2. Where, in an action for personal injuries, it appears that the plaintiff,
   a carpenter in the employ of the defendant, a contractor for the
   concrete work on a building of concrete and steel construction, was
   injured by the falling of a steel beam which, with a scaffold sup-
   porting it, was being removed, under orders of the defendant's
   superintendent, by fellow workmen of the plaintiff, the fall being
   the result of the negligence of the men in adjusting or tying a rope
   by which the beam was being removed, with the result that the
   beam slipped and fell, it is error for the trial court to refuse to
   direct a verdict for the defendant on the ground that the plaintiff
   was injured by the negligence of fellow servants of the plaintiff,
   who assumed the risk of their negligence. (Mr. Justice ROBB
   dissenting.)

No. 2811.   October 13, 1915.   Decided January 3, 1916.

HEARING on an appeal by the defendant from a judgment of
the Supreme Court of the District of Columbia, on verdict, in an
action to recover damages for alleged personal injuries.

*Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment rendered in favor of
William E. Crutchley against the National Fire Proofing Com-
pany for injuries received while in the defendant's employ.

Note.—For the question of vice principalship as determined with refer-
ence to character of act causing injury, see note in 54 L.R.A. 37.

The facts shown are that a certain Miller Company had a contract for the erection of the Bureau of Engraving for the United States; the building was to be of iron and concrete. The Miller Company carried on the iron construction, and sublet the concrete work to the defendant; the structure of concrete followed the iron construction; defendant had a large force of carpenters and laborers in its employ; one Bergler was its superintendent in charge; Price was a foreman of carpenters under Bergler, and was "his right-hand man;" Crutchley was a carpenter, engaged, with others, in making the forms for the concrete. On the morning of the day of the injury the National Fire Proofing Company was ready to begin its work on the attic floor; there was standing on this floor a scaffolding on trestles on which lay an iron beam, called an I-beam; it was about 16 feet long, 3 inches thick, and 9 inches in width; it was intended as a ridge-pole for the roof, to be the support of rafters, and was for use in the construction by the iron-work contractor. It became necessary to remove this scaffolding for the concrete workers and carpenters to proceed with their job; it was necessary first to remove the beam. The testimony tended to show that Price directed one Weser, another carpenter foreman, to remove the beam and scaffold; Weser sent two men up on the scaffold with a rope to lower the beam, and had two men below to receive it and assist in handling it; the rope was not skilfully tied, and in lowering it slipped along the plank; the beam fell end forward on the floor, then tipped and fell over; Crutchley was proceeding at the time to another part of the building for work, when the beam in falling struck him on the head, inflicting serious injuries which disabled him for some months, as well as inflicting great pain.

The evidence tended to show, and it was admitted, that iron workers are in a different line of construction from carpenters and concreters. There was no evidence to show that the men charged with removing the scaffold were not competent or skilful men, or that any particular skill was required in doing the work of removal.

It was shown that iron construction work is done by a special class of men different from carpenters and others.

At the conclusion of the evidence the defendant moved the court to direct a verdict for it, which was denied, with exception reserved.

The court, among other things, charged the jury as follows:

"Now, it is alleged here as a ground of recovery, first, that the defendant, through its superintendent, sent incompetent, unfit men to do that work, men unskilled in doing it, and that it was by reason of that that the accident occurred. There is a question of fact for you to determine. Were those four men who were set to work to remove this scaffolding and beam, and more particularly the two men who were sent upon the scaffold, unfit men and unsafe men to have intrusted with that work, so that it was an act of carelessness on the part of the defendant to have set them about it? If you find that, that that was the cause of this accident, then there was a violation of the duty upon the part of the defendant, for which the plaintiff would be entitled to recover, if the damages were caused thereby.

"Then it is further alleged, as another ground of recovery, that the men, in doing the work, did it carelessly. If you find in favor of the plaintiff concerning what I have been talking about up to this time; that is, that these men were sent there by the superintendent of the defendant company to do this work, then the plaintiff did not assume the risk of those men doing the work carelessly, and if they did it carelessly, as is charged in the declaration, and the injury to him occurred as the direct and proximate result of that carelessness, then he may recover."

This instruction was excepted to.


*Mr. W. C. Clephane* and *Mr. A. O. Clephane* for the appellant.


*Mr. D. W. Baker* and *Mr. W. E. Leahy* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

It was error to give the first part of the foregoing instruction. There was no evidence whatever that the men engaged in removing the beam were unskilled or unsafe persons. It is true that iron-work construction is a special industry, and that a special set of laborers were engaged therein, but this was not construction work. Removing the iron beam required no more skill than the removal of a wooden one or of the scaffolding itself. It was not, therefore, a violation of the defendant's duty to set the men about this removal. The work being an ordinary work, it was not improper for the defendant to order it done by these employees. As to this order, the foreman or superintendent were fellow laborers with the plaintiff. *New England R. Co.* v. *Conroy,* 175 U. S. 323, 44 L. ed. 181, 20 Sup. Ct. Rep. 85, 7 Am. Neg. Rep. 182; *Collins* v. *John W. Danforth Co.* 36 App. D. C. 592–599.

The place provided for the work was ordinarily safe. The injury resulted from the act of those removing the beam. Admit that they were negligent in adjusting the rope or handling the beam,—they were, nevertheless, fellow employees of the plaintiff, who, by his employment, assumed the risk of their negligence, and he is not entitled to recover.

The court should have given the instruction to find a verdict for the defendant.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion. *Reversed.*

Mr. Justice ROBB dissenting:

The plaintiff was employed by the defendant company as a carpenter. That company had nothing whatever to do with the iron work. It was conceded that it was no part of its duty to move the iron beam which fell upon the plaintiff. Therefore it cannot be said that he assumed the risk incident to the removal of that beam. As well stated by the trial court, "When

he went there to work for the defendant company, he assumed the ordinary risks of his employment.  *  *  *  But he did not assume the risk of his company doing the work of the iron company, for he had no reason to suppose that they would be doing the work.  A man might be perfectly willing to take his place side by side with a company doing its own work, when he would not be willing to work where a company exercising a different employment undertook to step in and do the work of another trade.  So that, so far as the extra risk is concerned, which arose from the defendant company, through the orders of its superintendent, attempting to do the work of the iron company, this plaintiff did not assume that risk." In the majority opinion it is said: "Removing the iron beam required no more skill than the removal of a wooden one or of the scaffolding itself.  It was not, therefore, a violation of the defendant's duty to set the men about this removal." I cannot agree to this.  It is going a long way to rule, as matter of law, that the lowering of an iron beam 16 feet long, 9 inches wide, and 3 inches thick, weighing, as it must, several hundred pounds, required no more skill than the handing down of a few boards.  Only two men were assigned to the task of lowering this heavy and cumbersome piece of iron.  That they were unskilled is apparent from the fact that they did not attach the rope properly.  That the superintendent was negligent, and through him the defendant, is apparent from the fact that but two inexperienced men (for the record leaves no room for doubt that they were inexperienced in this kind of work) were assigned to such a task.  An eyewitness of the occurrence testified that "the beam was simply too heavy for them, and it got away." One of the two men testified that "it (the beam) came near slipping through the rope, and we grabbed it to get it back, and it was so heavy that we could not, and the fellow who was on the floor told us to move it south 2 feet and let it drop on some lumber, but we tried to move it, and it was so heavy that it got away from us and fell."

The plaintiff, in my opinion, with no fault of his own, has been very seriously injured through an accident resulting from the defendant's negligence.  The judgment should be affirmed.

An application by the appellee for a rehearing was denied January 22, 1916, and the Supreme Court of the United States on April 12, 1916, denied an application made by him for a writ of certiorari.